Williams, Judge,
delivered the opinion
Plaintiff, the Hampton & JBranchville Railroad Company, located in the State of South Carolina, sues under the special jurisdictional act, set forth in the. Findings, to recover the sum of $4,768.46. This amount represents a judgment obtained by the United States against plaintiff under a guaranty contract made pursuant to the provisions of Section 209 of the Transportation Act of 1920, 41 Stat. 456, 464.
There is no controversy between the parties as to the facts of the case. Plaintiff is a common earlier of the State of South Carolina but was not a carrier under Federal control, although it filed with the Interstate Commerce Commission its acceptance of the guaranty provisions of Section 209 of the Transportation Act of 1920. The plaintiff, however, did not adopt the accounting procedure prescribed by the Interstate Commerce Commission and made no reports to the Commission as required by Section 209 of the Act. Examiners of the Interstate Commerce Commission made an audit of plaintiff’s books and notified plaintiff that there was due the United States the sum of $4,768.46 under Section 209 of the Act. Plaintiff excepted to this finding of the Commission and refused to pay the amount demanded. Whereupon suit was instituted in the United States Court for the Eastern District of South Carolina, as a result of which a judgment was obtained against the plaintiff for the sum of $4,768.46, which judgment was paid by plaintiff. The amount of the'judgment was based on plaintiff’s books of account which had not been kept as required by the Interstate Commerce Commission in accordance with its regulations prescribed under Section 209. Had plaintiff’s books been kept and the entries therein made in accordance with the regulations prescribed by the Interstate Commerce Commission, the examiners could not properly have found any amount due from the plaintiff to the United States. An audit of plaintiff’s accounts, corrected to comply with the Commission’s regulations, showed that the sum of $4,768.46 recovered in the District Court of South Carolina, was not *121 due the United States under Section 209 of the Transportation Act of 1920,
The defendant concedes that the plaintiff was not indebted to the United States for the amount of the judgment rendered in the District court of the United States, but contends that this coui't is without jurisdiction to render judgment for the amount as the matter is res judicata. It is contended that the jurisdictional act makes no admission of liability or of any ground of liability on the part of the United States but merely provides a forum for the adjudication of the claim according to applicable legal principles. It is argued that the special act does not waive the defense of res judicata and does no more than authorize the coui’t to make such detailed examination of plaintiff’s accounts as may be necessary in order to ascertain the amount, if any, due it by the United States by virtue of the contract which it made with the Interstate Commerce Commission pursuant to Section 209 of the Transportation Act.
While the jurisdictional act does not in express terms waive the defense of res judicata in respect to the judgment obtained by the defendant against plaintiff in the District Court of the United States, there can be no doubt, when the act is considered as a whole, that such was the intent and purpose of Congress, otherwise the passage of the jurisdictional act was an idle gesture and conferred no benefit whatever on plaintiff. When Congress conferred jurisdiction’ on the court “to hear, determine, and render judgment upon the claim of the Hampton and Branchville Railroad Company * * * against the United States for the sum of $4,768.46, representing the amount of a judgment recovered by the United States from such company,” it follows necessarily that the defense res judicata was waived, as much so as if the waiver had been stated in precise terms. The sole question submitted to the court by the jurisdictional act was the determination of the correctness of the judgment awarded to the defendant in the District Court of the United States and it must be assumed from the language used in the Act that Congress intended the court to decide and determine this question on the merits and to waive any and *122 all defenses which, would prevent the court from doing this.
The plaintiff is entitled to recover and is hereby awarded judgment in the sum of $4,768.46. It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.